UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
Case Number 9:22-cv-81275-AHS

KEVIN HARRELL,

    Plaintiff,
vs.

CITY OF WEST PALM BEACH,

    Defendant.
_____/

**Plaintiff's Unopposed Motion for Leave to Amend Complaint
and to Extend the Pretrial and Trial Deadlines**

    Plaintiff, Kevin Harrell, pursuant to Federal Rule of Civil Procedure 15 and 16, moves for entry of an order granting him leave to amend the complaint to add claims related to those asserted in the Amended Complaint and not yet ripe when the initial and amended complaint were filed, and to amend the pretrial and trial deadlines to allow additional discovery regarding those claims, and states as grounds:

    1.    <u>Nature of this case and status</u>. While still employed by the City of West Palm Beach as a law enforcement officer, plaintiff initially filed this action August 15, 2022 alleging, among other claims, race discrimination pursuant to Title VII of the Civil Rights Act of 1964, as amended by the Civil Rights Act of 1991 ("Title VII), 42 U.S.C. § 1983, and the Florida Civil Rights Act of 1992 ("FCRA"). [DE 1] Plaintiff amended the complaint August 25,

2022, and defendant answered the amended complaint September 22, 2022. [DE 15, DE 16]. The case is set for trial on the February 12, 2024 trial calendar and discovery ends September 16, 2023.

2. Events subsequent to the filing of this action and the amended complaint have occurred, which plaintiff seeks to address in this action instead of having to file a separate action to address related claims, including:

  a. Plaintiff filed an amended supplemental charge of discrimination April 3, 2023, alleging claims of discrimination and retaliation, which are now ripe because the EEOC has issued a notice of right to sue, and

  b. Defendant terminated plaintiff (as alleged in his April 3, 2023 charge) based solely on non-criminal information it obtained from plaintiff's cell phone, which phone had been given to defendant's Internal Affairs unit by criminal investigators who had obtained it through a search warrant authorizing them to search for only criminal information occurring (which they did not find) or information it learned by following up on such non-criminal information.

3. <u>Relief sought in this motion</u>. By this motion, plaintiff moves for entry of an order granting leave to amend the complaint. The proposed amended complaint is appended as Attachment 1. He also requests extension of the pretrial and trial deadlines by at least 120 days to allow additional discovery regarding those claims

4. Federal Rule of Civil Procedure 15 which governs amended and supplemental pleadings, provides, in pertinent part:

(a) AMENDMENTS BEFORE TRIAL.

(1) Amending as a Matter of Course. A party may amend its pleading once as a matter of course within:

(A) 21 days after serving it, or

(B) if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier.

(2) *Other Amendments*. In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires.

Fed. R. Civ. P. 15(a). Thus, Rule 15 in effect creates a presumption in favor of allowing amended pleadings. As this Court explained in <u>Hildebrand v. Honeywell</u>, 622 F.2d 179, 182 (5th Cir. 1980) (reversing order dismissing Title VII complaint without leave to amend) about when leave to amend should be provided:

> Moreover, Rule 15(a) of the Federal Rules of Civil Procedure provides that leave to amend a complaint shall be freely given when justice so requires. Permission should be denied only if it appears to a certainty that plaintiffs cannot state a claim showing they are entitled to relief or defendant will be unduly prejudiced. <u>Griggs v. Hinds Junior College</u>, 563 F.2d 179, 180 (5th Cir. 1977); <u>Rohler</u>, supra, 576 F.2d at 1266. Since the facts alleged in plaintiffs' original complaint were sufficient to notify defendant Honeywell of the theory of their claim and the grounds which support it, <u>see</u> <u>Conley v. Gibson</u>, 355 U.S. 41, 45-46, 78 S.Ct. 99, 102, 2 L.Ed.2d 80 (1957), leave to amend to properly allege a claim under Title VII and the Age Discrimination in Employment Act should have been granted.

<u>Id</u>. at 182 (5th Cir. 1980).

5. As to the permissible time limits for amendment, Rule 15 contains no express time limits, and federal courts have allowed parties to amend long after the original pleading has been filed. Although the passage of time is an important element bearing on the court's discretion, the Eleventh Circuit has held that "the mere passage of time, without anything more, is an insufficient reason to deny leave to amend." Floyd v. Eastern Airlines, Inc., 872 F.2d 1462, 1490 (11th Cir. 1989), rev'd on other grounds, 499 U.S. 530 (1990). Rather, the crucial factors to be considered are the movant's motivations and whether granting leave to amend will unduly prejudice the adverse party. 872 F.2d at 1490. Accord Bryant v. Dupree, 252 F.3d 1161, 1164 (11th Cir. 2001).

6. As to an enlargement of time that affects a pretrial scheduling order, which order "controls the course of the action unless the court modifies it," Fed. R. Civ. P. 16(d), "good cause" is required. Fed. R. Civ. P. 16(b)(4). "This good cause standard precludes modification unless the schedule cannot be met despite the diligence of the party seeking the extension." Sosa v. Airprint Sys., Inc., 133 F.3d 1417, 1418 (11th Cir. 1998) (per curiam) (internal quotation marks omitted).

7. This motion is made in good faith and not for purposes of delay. Defendant should not be prejudiced by the amendment because it will have the opportunity to address the related claims in this action instead of another action and plaintiff does not oppose extending the deadlines in this action to address the new claims.

8.      Plaintiff has conferred with the defendant about its position on the relief sought in this motion, and defendant has indicated that it does not object.

WHEREFORE, plaintiff moves for entry of an order granting this motion, and granting such other and further relief as the Court deems appropriate.

### Conferral statement

I hereby certify that counsel for the movant has conferred with all parties or non-parties who may be affected by the relief sought in this motion in a good faith effort to resolve the issues, and the defendant has indicated that it does not object.

### CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and correct copy of the foregoing has been filed and served electronically via CM/ECF this day  all counsel of record on the service list.

Respectfully submitted,

THE AMLONG FIRM
500 N.E. Fourth St., Suite 101
Fort Lauderdale, Florida   33301
(954) 462-1983 / FAX:  (954) 523-3192
Eservice@TheAmlongFirm.com

*/s/William R. Amlong*
WILLIAM R. AMLONG
Florida Bar Number  470228
WRAmlong@TheAmlongFirm.com
JENNIFER DALEY
Florida Bar Number 856436
JDaley@TheAmlongFirm.com
***Attorneys for the Plaintiff,
        Kevin Harrell***

9:22-cv-81275-AHS