UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.:  22-81275-CIV-SINGHAL

KEVIN HARRELL,

      Plaintiff,

v.

CITY OF WEST PALM BEACH,

      Defendant.

_____/

### DEFENDANT'S ANSWER AND DEFENSES TO PLAINTIFF'S SECOND AMENDED COMPLAINT, SUPPLEMENTAL COMPLAINT FOR DAMAGES AND BOTH PRELIMINARY AND PERMANENT INJUNCTIVE RELIEF

Defendant, City of West Palm Beach ("Defendant" or "City"), by and through its undersigned counsel, hereby files its Answer and Defenses to Plaintiff, Kevin Harrell's ("Plaintiff") Second Amended Complaint for Damages and Both Preliminary and Permanent Injunctive Relief (Doc. No. 66), and states as follows:

### RESPONSE TO "COUNT I TITLE VII CLAIM FOR HOSTILE-ENVIRONMENT AND TANGIBLE-JOB-DETRIMENT RACE DISCRIMINATION"

Defendant admits that Plaintiff has filed this action against it pursuant to Title VII of the Civil Rights Act of 1964 ("Title VII") and 42 U.S.C. §1983 ("§1983"), but denies that there is any proper basis or cause of action to be brought before this Court and denies that Plaintiff is entitled to any relief whatsoever.  Defendant denies the remaining allegations contained in this Paragraph.

### RESPONSE TO "INTRODUCTION AND SUMMARY"

1.     Defendant admits that Plaintiff has filed this action against it pursuant to Title VII and §1983, but denies that there is any proper basis or cause of action to be brought before this

Court and denies that Plaintiff is entitled to any relief whatsoever.   Defendant denies the remaining allegations contained in this Paragraph.

      a.   Defendant denies the allegations contained in this Paragraph.

      b.   Defendant denies the allegations contained in this Paragraph.

      c.   Defendant denies the allegations contained in this Paragraph.

         i.   Defendant denies the allegations contained in this Paragraph.

        ii.   Defendant denies the allegations contained in this Paragraph.

2.     Defendant denies the allegations contained in this Paragraph.

3.     Defendant admits that Plaintiff has filed this action against it pursuant to Title VII and §1983, but denies that there is any proper basis or cause of action to be brought before this Court and denies that Plaintiff is entitled to any relief whatsoever.   Defendant denies the remaining allegations contained in this Paragraph.

      a.   Defendant admits that Plaintiff has filed this action against it pursuant to Title VII, but denies that there is any proper basis or cause of action to be brought before this Court and denies that Plaintiff is entitled to any relief whatsoever.   Defendant denies the remaining allegations contained in this Paragraph.

      b.   Defendant admits that Plaintiff has filed this action against it pursuant to §1983, but denies that there is any proper basis or cause of action to be brought before this Court and denies that Plaintiff is entitled to any relief whatsoever.   Defendant denies the remaining allegations contained in this Paragraph.

#51629989 v1

4.      Defendant admits that Plaintiff "seeks compensatory damages, injunctive relief and his costs, including reasonable attorneys' fees" with respect to his Title VII claim, and injunctive relief with respect to his §1983 claim, but denies that there is any proper basis or cause of action to be brought before this Court and denies that Plaintiff is entitled to any relief whatsoever. Defendant denies the remaining allegations contained in this Paragraph.

## RESPONSE TO "JURISDICTION AND VENUE"

5.      Defendant neither admits nor denies the allegation that jurisdiction is proper with this Court, as it calls for a legal conclusion to which no response is required.  To the extent a response is required, Defendant admits that Plaintiff has attempted to invoke the jurisdiction of this Court pursuant to federal question jurisdiction.  Defendant denies the remaining allegations contained in this Paragraph.

6.      Defendant admits that, at all times relevant to Plaintiff's Second Amended Complaint, Defendant conducted business in Palm Beach County.  Defendant admits that the alleged acts in Plaintiff's Second Amended Complaint arose in Palm Beach County, Florida. Defendant denies the remaining allegations contained in this Paragraph.

## RESPONSE TO "PARTIES"

7.      Defendant admits Plaintiff was a police officer employed by the City from on or about 2003 to on or about March 2023.  Defendant denies the remaining allegations contained in this Paragraph.

8.      Defendant admits that, at all times relevant hereto, it was a Florida municipal corporation.  Defendant neither admits nor denies the allegations that it was an "employer" within the meaning of Title VII and that it "operated toward [Plaintiff] under color of state law," because they call for a legal conclusion to which no response is required.  To the extent a response is

3

required, Defendant admits only that it was Plaintiff's employer from on or about 2023 to on or about March 2023, but denies that it operated toward Plaintiff under color of state law with respect to Plaintiff's §1983 claim. Defendant denies the remaining allegations contained in this Paragraph.

## **RESPONSE TO "GENERAL ALLEGATIONS"**

9.      Defendant admits Plaintiff was a police officer employed by the City from on or about 2003 to on or about March 2023. Defendant denies the remaining allegations contained in this Paragraph.

10.      Defendant denies the allegations contained in this Paragraph.

    a.  Defendant denies the allegations contained in this Paragraph.

        i.  Defendant denies the allegations contained in this Paragraph.

            1.  Defendant denies the allegations contained in this Paragraph.

            2.  Defendant denies the allegations contained in this Paragraph.

11.      Defendant denies the allegations contained in this Paragraph.

    a.  Defendant denies the allegations contained in this Paragraph.

        i.  Defendant denies the allegations contained in this Paragraph.

        ii.  Defendant denies the allegations contained in this Paragraph.

        iii.  Defendant denies the allegations contained in this Paragraph.

12.      The allegations in this Paragraph should be stricken from Plaintiff's Second Amended Complaint for being "immaterial, impertinent, or scandalous." To the extent a response is required, Defendant denies the allegations contained in this Paragraph.

    a.  The allegations in this Paragraph should be stricken from Plaintiff's Second Amended Complaint for being "immaterial, impertinent, or scandalous."

#51629989 v1

To the extent a response is required, Defendant denies the allegations contained in this Paragraph.

    b.  The allegations in this Paragraph should be stricken from Plaintiff's Second Amended Complaint for being "immaterial, impertinent, or scandalous." To the extent a response is required, Defendant denies the allegations contained in this Paragraph.

    c.  The allegations in this Paragraph should be stricken from Plaintiff's Second Amended Complaint for being "immaterial, impertinent, or scandalous." To the extent a response is required, Defendant denies the allegations contained in this Paragraph.

    d.  The allegations in this Paragraph should be stricken from Plaintiff's Second Amended Complaint for being "immaterial, impertinent, or scandalous." To the extent a response is required, Defendant denies the allegations contained in this Paragraph.

13.   Defendant denies the allegations contained in this Paragraph.

    a.  Defendant denies the allegations contained in this Paragraph.

    b.  Defendant denies the allegations contained in this Paragraph.

14.   Defendant denies the allegations contained in this Paragraph.

15.   Defendant denies the allegations contained in this Paragraph.

    a.  Defendant denies the allegations contained in this Paragraph.

    b.  Defendant denies the allegations contained in this Paragraph.

    c.  Defendant denies the allegations contained in this Paragraph.

    d.  Defendant denies the allegations contained in this Paragraph.

e.  Defendant denies the allegations contained in this Paragraph.

    i.  Defendant denies the allegations contained in this Paragraph.

    ii.  Defendant denies the allegations contained in this Paragraph.

    iii.  Defendant denies the allegations contained in this Paragraph.

16.  Defendant denies the allegations contained in this Paragraph.

17.  Defendant denies the allegations contained in this Paragraph.

a.  Defendant denies the allegations contained in this Paragraph.

b.  Defendant denies the allegations contained in this Paragraph.

18.  Defendant lacks sufficient knowledge or information to admit or deny the allegations contained in this Paragraph, and therefore denies the same.

19.  Defendant denies the allegations contained in this Paragraph.

a.  Defendant denies the allegations contained in this Paragraph.

b.  Defendant denies the allegations contained in this Paragraph.

c.  Defendant denies the allegations contained in this Paragraph.

d.  Defendant denies the allegations contained in this Paragraph.

e.  Defendant denies the allegations contained in this Paragraph.

    i.  Defendant denies the allegations contained in this Paragraph.

    ii.  Defendant denies the allegations contained in this Paragraph.

    iii.  Defendant denies the allegations contained in this Paragraph.

f.  Defendant denies the allegations contained in this Paragraph.

20.  Defendant lacks sufficient knowledge or information to admit or deny the allegation that, on August 12, Plaintiff checked his schedule and found that he was not listed.  Defendant denies the remaining allegations contained in this Paragraph.

21.     Defendant admits that, in August 2020, Assistant Chief West requested that the City send Plaintiff for a fitness for duty evaluation for reasons including, but not limited to, personnel complaints against Plaintiff.  Defendant admits that, in August 2020, Human Resources personnel facilitated Plaintiff's fitness for duty evaluation by medical professionals.  Defendant denies the remaining allegations contained in this Paragraph.

22.     Defendant lacks sufficient knowledge or information to admit or deny the allegations contained in this Paragraph, and therefore denies the same.

23.     Defendant admits that Dr. Brannon's August 23, 2020 report deemed Plaintiff "not fit for duty."  Defendant admits that its Human Resources department issued Plaintiff a letter dated August 27, 2022, advising him that he was being released to light duty with mandated EAP. Defendant denies the remaining allegations contained in this Paragraph.

24.     Defendant denies the allegations contained in this Paragraph.

     a.   Defendant denies the allegations contained in this Paragraph.

          i.   Defendant denies the allegations contained in this Paragraph.

               1.   Defendant denies the allegations contained in this Paragraph.

               2.   Defendant denies the allegations contained in this Paragraph.

          ii.   Defendant denies the allegations contained in this Paragraph.

     b.   Defendant denies the allegations contained in this Paragraph.

     c.   Defendant denies the allegations contained in this Paragraph.

25.     Defendant admits that Plaintiff was assigned to take reports over the phone and transcribing them, and that Plaintiff worked from home. Defendant denies the remaining allegations contained in this Paragraph.

26.     Defendant admits that Dr. Laurence Miller issued a report dated October 15, 2020. Defendant denies any characterization of the contents of that report, and denies the remaining allegations contained in this Paragraph.

27.     Defendant admits having received a facsimile from Ralph (a/k/a) Rick King, Esq., forwarding a report from Dr. Miller's dated October 15, 2020.  Defendant denies the remaining allegations contained in this Paragraph.

28.     Defendant denies the allegations contained in this Paragraph.

29.     Defendant denies the allegations contained in this Paragraph.

30.     Defendant admits that its Chief of Police, Chief Adderley, self-identifies as "Black or African American (Not Hispanic or Latino)."  Defendant admits Plaintiff asked Chief Adderley if they could meet in person, that the Chief agreed, and that they met for breakfast.  Defendant denies the remaining allegations contained in this Paragraph.

31.     Defendant admits that Chief Adderley told Plaintiff that he (Chief) had not been advised about Plaintiff meeting with Deputy Chief Morris or Assistant Chief West.  Defendant denies the remaining allegations contained in this Paragraph.

32.     Defendant admits that Plaintiff underwent a fitness for duty evaluation by Dr. Brannon on November 27, 2020.  Defendant denies that the examination resulted in a fit for duty evaluation.  Defendant denies the remaining allegations contained in this Paragraph.

33.     Defendant admits Dr. Brannon authored a report dated December 2, 2020. Defendant denies any characterization of the contents of that report, and denies the remaining allegations contained in this Paragraph.

34.     Defendant admits Plaintiff was working in the Criminal Investigation Division of its police department on December 10, 2020 in an administrative assignment.  Defendant admits

8

receipt of a letter dated January 28, 2021 from Dr. Miller regarding Plaintiff's fitness for duty, but denies any characterization of the content of that letter.  Defendant admits that Plaintiff was restored to full duty in February 2021. Defendant denies the remaining allegations contained in this Paragraph.

35.     Defendant denies the allegations contained in this Paragraph.

36.     Defendant admits that Police Chief Adderley assigned Plaintiff to City Hall. Defendant denies the remaining allegations contained in this Paragraph.

a.  Defendant denies the allegations contained in this Paragraph.

b.  Defendant denies the allegations contained in this Paragraph.

37.     Defendant denies the allegations contained in this Paragraph.

a.  Defendant denies the allegations contained in this Paragraph.

b.  Defendant denies the allegations contained in this Paragraph.

c.  Defendant denies the allegations contained in this Paragraph.

d.  Defendant denies the allegations contained in this Paragraph.

e.  Defendant admits that its police department's internal affairs division conducted an investigation prompted by Cassandre Saint Hilaire's July 19, 2021 allegation that Plaintiff was acting inappropriately towards her. Defendant further admits that the allegations by Saint Hilaire against Plaintiff were not sustained. Defendant denies the remaining allegations contained in this Paragraph.

f.  Defendant denies the allegations contained in this Paragraph.

g.  Defendant denies the allegations contained in this Paragraph.

38.     Defendant states that Title VII is a law that speaks for itself.  Defendant denies any characterization of Title VII in this Paragraph, denies that there is any proper basis or cause of action to be brought before this Court, and denies that Plaintiff is entitled to any relief whatsoever. Defendant denies the remaining allegations contained in this Paragraph.

39.     Defendant denies the allegations contained in this Paragraph.

    a.   Defendant denies the allegations contained in this Paragraph.

    b.   Defendant denies the allegations contained in this Paragraph.

    c.   Defendant denies the allegations contained in this Paragraph.

    d.   Defendant denies the allegations contained in this Paragraph.

        i.   Defendant denies the allegations contained in this Paragraph.

        ii.   Defendant denies the allegations contained in this Paragraph.

        iii.   Defendant denies the allegations contained in this Paragraph.

    e.   Defendant denies the allegations contained in this Paragraph.

40.     Defendant denies the allegations contained in this Paragraph.

    a.   Defendant denies the allegations contained in this Paragraph.

    b.   Defendant denies the allegations contained in this Paragraph.

41.   Defendant denies the allegations contained in this Paragraph.

42.   Defendant denies the allegations contained in this Paragraph.

    a.   Defendant denies the allegations contained in this Paragraph.

    b.   Defendant denies the allegations contained in this Paragraph.

    c.   Defendant denies the allegations contained in this Paragraph.

    d.   Defendant denies the allegations contained in this Paragraph.

43.   Defendant denies the allegations contained in this Paragraph.

#51629989 v1

44. Defendant denies the allegations contained in this Paragraph.

45. Defendant denies the allegations contained in this Paragraph.

Defendant does not believe that a response is required for the unnumbered "WHEREFORE" Paragraph following Paragraph 45 (including subparts one through five) but, to the extent a response is required, Defendant denies that there is any proper basis or cause of action to be brought before this Court and denies that Plaintiff is entitled to the relief requested, or any relief whatsoever from Defendant.

## RESPONSE TO "COUNT II
## KEVIN HARRELL'S TITLE VII CLAIM FOR DISCRIMINATION AND RETALIATION"

46.     Defendant re-alleges and incorporates by reference its responses to Paragraphs 1(a), (b), (c)(I) and (ii); 2; 3(a), and 4 through 9, as if fully set forth herein.

47.     Defendant denies the allegation contained in this Paragraph.

48.     Defendant lacks sufficient knowledge or information to admit or deny the allegations contained in this Paragraph, and therefore denies the same.

49.     Defendant lacks sufficient knowledge or information to admit or deny the allegations contained in this Paragraph, and therefore denies the same.

50.     Defendant admits that, on or about July 15, 2022, it obtained a search warrant to search Plaintiff's cell phone.  Defendant states that §838.21, Fla. Stat. is a law that speaks for itself. Defendant denies any characterization of §838.21, Fla. Stat. in this Paragraph, and denies the remaining allegations contained in this Paragraph.

51.     Defendant denies the allegation contained in this Paragraph.

52.     Defendant denies the allegation contained in this Paragraph.

53.     Defendant denies the allegation contained in this Paragraph.

#51629989 v1

a.  Defendant lacks sufficient knowledge or information to admit or deny the allegations contained in this Paragraph, and therefore denies the same.

    i.  Defendant admits that, upon information and belief, Richard Althouse is a convicted felon. Defendant lacks sufficient knowledge or information to admit or deny the remaining allegations contained in this Paragraph, and leaves Plaintiff to his proof.

    ii.  Defendant lacks sufficient knowledge or information to admit or deny the allegations contained in this Paragraph, and therefore denies the same.

    iii.  Defendant lacks sufficient knowledge or information to admit or deny the allegations contained in this Paragraph, and therefore denies the same.

b.  Defendant denies the allegation contained in this Paragraph.

    i.  Defendant lacks sufficient knowledge or information to admit or deny the allegations contained in this Paragraph, and therefore denies the same.

    ii.  The allegations in this Paragraph should be stricken from Plaintiff's Second Amended Complaint for being "immaterial, impertinent, or scandalous." To the extent a response is required, Defendant denies the allegations contained in this Paragraph.

    iii.  Defendant denies the allegation contained in this Paragraph.

c.  Defendant lacks sufficient knowledge or information to admit or deny the allegations contained in this Paragraph, and therefore denies the same.

> i.   Defendant denies the allegation contained in this Paragraph.
>
> ii.  Defendant denies the allegation contained in this Paragraph.
>
> iii. Defendant denies the allegation contained in this Paragraph.

54.   Defendant admits that, on or about July 15, 2022, Agent Thomas Viale signed an affidavit and application for search warrant.  Defendant denies any characterization of Agent Viale's affidavit in this Paragraph, and denies the remaining allegations contained in this Paragraph.

> a.   Defendant admits that, on or about July 15, 2022, Agent Thomas Viale signed an affidavit and application for search warrant.  Defendant denies any characterization of Agent Viale's affidavit in this Paragraph, and denies the remaining allegations contained in this Paragraph.
>
> b.   Defendant admits that, on or about July 15, 2022, Agent Thomas Viale signed an affidavit and application for search warrant.  Defendant denies any characterization of Agent Viale's affidavit in this Paragraph, and denies the remaining allegations contained in this Paragraph.
>
> c.   Defendant admits that, on or about July 15, 2022, Agent Thomas Viale signed an affidavit and application for search warrant.  Defendant denies any characterization of Agent Viale's affidavit in this Paragraph, and denies the remaining allegations contained in this Paragraph.
>
> d.   Defendant admits that, on or about July 15, 2022, Agent Thomas Viale signed an affidavit and application for search warrant.  Defendant denies any characterization of Agent Viale's affidavit in this Paragraph, and denies the remaining allegations contained in this Paragraph.

#51629989 v1

e.   Defendant admits that, on or about July 15, 2022, Agent Thomas Viale signed an affidavit and application for search warrant.  Defendant denies any characterization of Agent Viale's affidavit in this Paragraph, and denies the remaining allegations contained in this Paragraph.

55.   Defendant denies the allegation contained in this Paragraph.

56.   Defendant denies any characterization of Agent Viale's affidavit in this Paragraph, and denies the remaining allegations contained in this Paragraph.

57.   Defendant denies the allegation contained in this Paragraph.

58.   Defendant denies the allegation contained in this Paragraph.

59.   Defendant admits there is an internal affairs report relating to Plaintiff possibly having providing information to Mr. Althouse and Ms. Vielma.  Defendant denies any characterization of that internal affairs report, and denies the remaining allegations contained in this Paragraph.

a.   Defendant admits there is an internal affairs report relating to Plaintiff possibly having providing information to Mr. Althouse and Ms. Vielma. Defendant denies any characterization of that internal affairs report, and denies the remaining allegations contained in this Paragraph.

b.   Defendant admits there is an internal affairs report relating to Plaintiff possibly having providing information to Mr. Althouse and Ms. Vielma. Defendant denies any characterization of that internal affairs report, and denies the remaining allegations contained in this Paragraph.

c.   Defendant denies the allegation contained in this Paragraph.

14

60.     Defendant admits there is an internal affairs report relating to Plaintiff possibly having providing information to Mr. Althouse and Ms. Vielma.  Defendant denies any characterization of that internal affairs report, and denies the remaining allegations contained in this Paragraph.

61.     Defendant denies the allegations contained in this Paragraph.

62.     Defendant denies the allegations contained in this Paragraph.

63.     Defendant admits there is an internal affairs report relating to Plaintiff possibly having providing information to Mr. Althouse and Ms. Vielma.  Defendant denies any characterization of that internal affairs report, and denies the remaining allegations contained in this Paragraph.

64.     Defendant denies the allegations contained in this Paragraph.

65.     Defendant denies the allegations contained in this Paragraph.

66.     Defendant denies the allegations contained in this Paragraph.

67.     Defendant denies the allegations contained in this Paragraph.

       a.  Defendant denies the allegations contained in this Paragraph.

       b.  Defendant denies the allegations contained in this Paragraph.

       c.  Defendant denies the allegations contained in this Paragraph.

       d.  Defendant denies the allegations contained in this Paragraph.

68.     Defendant denies the allegations contained in this Paragraph.

69.     Defendant denies the allegations contained in this Paragraph.

70.     Defendant denies the allegations contained in this Paragraph.

Defendant does not believe that a response is required for the unnumbered "WHEREFORE" Paragraph following Paragraph 70 (including subparts one through five) but, to

the extent a response is required, Defendant denies that there is any proper basis or cause of action to be brought before this Court and denies that Plaintiff is entitled to the relief requested, or any relief whatsoever from Defendant.

**RESPONSE TO "COUNT III**
**KEVIN HARRELL'S § 1983 FOURTH AMENDMENT CLAIM FOR THE SEARCH**
**AND SEIZURE OF HIS CELL PHONE AND ITS BEING TURNED OVER TO**
**INTERNAL AFFAIRS FOR AN ADMINISTRATIVE INVESTIGATION"**

71.     Defendant re-alleges and incorporates by reference its responses to Paragraphs 1(c)(I)-(ii); 3(b); 4; 5; 6; 7; 8; 9; 47; 50; 51; 52; 53(a)(I)-(iii), (b)(I)-(iii) and (c)(I) – (iii); 54(a) – (e); 55; 56; 57; 58; 59(a)-(c); 60; 61; 62; 63; 64; and 65, as if fully set forth herein.

72.     Defendant admits that Plaintiff has filed this action against it pursuant to §1983, but denies that there is any proper basis or cause of action to be brought before this Court and denies that Plaintiff is entitled to any relief whatsoever.   Defendant denies the remaining allegations contained in this Paragraph.

73.     Defendant states that the Fourteenth Amendment is a law that speaks for itself. Defendant denies any characterization of the Fourteenth Amendment in this Paragraph, denies that there is any proper basis or cause of action to be brought before this Court, and denies that Plaintiff is entitled to any relief whatsoever. Defendant denies the remaining allegations contained in this Paragraph.

74.     Defendant neither admits nor denies the allegations contained in this Paragraph, as they call for a legal conclusion to which no response is required.  To the extent a response is required, Defendant denies the allegations contained in this Paragraph.

75.     Defendant neither admits nor denies the allegations contained in this Paragraph, as they call for a legal conclusion to which no response is required.  To the extent a response is required, Defendant denies the allegations contained in this Paragraph.

16

    a.  Defendant neither admits nor denies the allegations contained in this Paragraph, as they call for a legal conclusion to which no response is required.  To the extent a response is required, Defendant denies the allegations contained in this Paragraph.

    b.  Defendant neither admits nor denies the allegations contained in this Paragraph, as they call for a legal conclusion to which no response is required.  To the extent a response is required, Defendant denies the allegations contained in this Paragraph.

    c.  Defendant neither admits nor denies the allegations contained in this Paragraph, as they call for a legal conclusion to which no response is required.  To the extent a response is required, Defendant denies the allegations contained in this Paragraph.

76.    Defendant denies the allegations contained in this Paragraph.

    a.  Defendant denies the allegations contained in this Paragraph.

    b.  Defendant denies the allegations contained in this Paragraph.

77.    Defendant denies the allegations contained in this Paragraph.

    a.  Defendant denies the allegations contained in this Paragraph.

    b.  Defendant denies the allegations contained in this Paragraph.

    c.  Defendant denies the allegations contained in this Paragraph.

78.    Defendant denies the allegations contained in this Paragraph.

    a.  Defendant denies the allegations contained in this Paragraph.

    b.  Defendant denies the allegations contained in this Paragraph.

    c.  Defendant denies the allegations contained in this Paragraph.

#51629989 v1

79.  Defendant denies the allegations contained in this Paragraph.

80.  Defendant denies the allegations contained in this Paragraph.

    a.  Defendant denies the allegations contained in this Paragraph.

    b.  Defendant denies the allegations contained in this Paragraph.

    c.  Defendant denies the allegations contained in this Paragraph.

    d.  Defendant denies the allegations contained in this Paragraph.

81.  Defendant denies the allegations contained in this Paragraph.

82.  Defendant denies the allegations contained in this Paragraph.

83.  Defendant denies the allegations contained in this Paragraph.

Defendant does not believe that a response is required for the unnumbered "WHEREFORE" Paragraph following Paragraph 83 (including subparts one through five) but, to the extent a response is required, Defendant denies that there is any proper basis or cause of action to be brought before this Court and denies that Plaintiff is entitled to the relief requested, or any relief whatsoever from Defendant.

## **GENERAL DENIAL**

Defendant specifically denies each and every allegation of fact, conclusion of law or other matter contained in Plaintiff's Complaint that it has not specifically admitted in this pleading. Below, Defendant asserts defenses to which it does not concede that it bears either a burden of proof or persuasion, and states as follows:

## **STATEMENT OF DEFENSES**

1.      Plaintiff fails to state a claim upon which relief can be granted, in whole or in part. Plaintiff has not pled, and cannot meet his burden of establishing that Defendant discriminated against him based upon a protected characteristic; that he engaged in a protected activity; or that any such alleged engagement in a protected activity was causally connected to any adverse employment action he suffered, including his termination.  Plaintiff also fails to identify a similarly-situated individual outside of his protected category that Defendant treated more favorably than him.

2.      Plaintiff's claims are barred to the extent Plaintiff failed to timely and properly exhaust all necessary administrative, statutory, and/or jurisdictional prerequisites for the commencement of this action.

3.      If Plaintiff has exhausted his administrative remedies, his claims are limited by the scope of the alleged acts of discrimination and/or retaliation included within the Charge of Discrimination that was investigated by the Equal Employment Opportunity Commission ("EEOC"), the Florida Commission on Human Relations ("FCRA"), or any other investigative governmental entity, with authority, that investigated Plaintiff's Charge of Discrimination. Plaintiff's claims under Title VII are barred, in whole or in part, to the extent they exceed the scope of or are inconsistent with any charge(s) of discrimination.

4.      Plaintiff's claims are barred to the extent they were not filed within the applicable statutes of limitation.

5.      If it is determined that any protected category or protected activity was a motivating factor in any decision with respect to Plaintiff's employment, Defendant asserts it would have reached the same result, regardless of any protected category, based upon the facts and circumstances of the case.

#51629989 v1

6.      Defendant, at all times material herein, made a good faith effort through its adoption of workplace policies and education of its personnel, to comply with federal and state civil rights laws as well as all other state and federal laws. Moreover, the conduct complained of by Plaintiff, if performed or carried out, was performed or carried out in good faith based upon reasonable grounds for believing that such conduct was not in violation of Title VII.

7.      Defendant is not liable and Plaintiff is barred from recovery because he unreasonably failed to take advantage of the preventative or corrective opportunities provided by Defendant, and otherwise failed to avoid harm.  Any damages that Plaintiff may have suffered, which Defendant denies, were the direct and proximate result of Plaintiff's own conduct, including his failure to report or follow Defendant's policies requiring the reporting of any alleged discrimination, his failure to take advantage of the preventive or corrective opportunities provided, and his failure to avoid harm.

8.      Plaintiff's claims for lost wages and other employment benefits must be reduced by the amount of wages and benefits Plaintiff earned (including unemployment compensation benefits), or through the exercise of reasonable diligence could have earned, during the period for which lost wages and benefits are sought by Plaintiff.  Plaintiff's damages, if any, have been paid in whole or in part by collateral sources, which eliminate or reduce the damages that can be recovered from Defendant.

9.      Plaintiff's claims for damages should be barred or limited by after acquired evidence discovered by Defendant that show that Plaintiff's employment would have been terminated on other grounds.

10.      Plaintiff's claims for damages are barred or limited to the extent Plaintiff seeks recovery of an amount greater than that permissible under federal or Florida law (and/or any other

applicable laws), and all such claims are subject to the limitations of appropriate statutory caps or limits existing at law.

11.     Plaintiff is not entitled to any award of punitive damages under applicable law.

12.     Defendant believed in good faith its conduct was in compliance with all local, state and federal laws.

13.     Plaintiff's claims are barred to the extent that there was no causal connection between the events alleged in the Complaint and any damages that she allegedly suffered.  Any disciplinary actions taken with respect to Plaintiff were not based on any wrongful conduct by Defendant, but instead resulted from Plaintiff's failure to act in accordance with Defendant's policies.

14.     No decisions, actions, or failures to act by Defendant with respect to Plaintiff and his employment were discriminatory or retaliatory; rather, they were justified by legitimate, non-discriminatory, non-retaliatory reasons and were based on factors other than Plaintiff's alleged protected category and/or alleged engagement in a protected activity.

15.     If any allegations of unlawful conduct are true, the Defendant employees implicated in those allegations acted on their own, in violation of Defendant's strict policies prohibiting such conduct, and acted outside the scope of their employment and authority.

16.     Plaintiff's own conduct bars or reduces his claim for relief.

17.     Defendant denies that Plaintiff has been deprived of any right, privilege or immunity secured by the United States Constitution or federal statutory law.

18.     To the extent the Plaintiff claims to have been deprived of any federally protected right, Defendant cannot be held liable under the doctrine of respondent superior for the acts of its

#51629989 v1

employees because Plaintiff has not alleged that such deprivation was caused by a policy or custom promulgated by Defendant.

19.     Neither the City nor its officers, agents, or employees acted with deliberate indifference to Plaintiff's constitutional rights.

20.     At all times material hereto, Defendant acted lawfully and constitutionally, including, but not limited to, the hiring, training, and supervision of its officers, agents, and employees.

21.     Defendant, and its employees and agents, took no actions that violated any well settled constitutional law.

22.     Defendant will rely upon all proper defenses lawfully available that may be disclosed by evidence and reserves the right to amend this Answer to state such other defenses and/or to otherwise supplement this Answer upon discovery of facts or evidence rendering such action appropriate.

Defendant is entitled to recover its court costs and attorneys' fees for the defense of Plaintiff's action because this action is frivolous and without foundation in law or fact.

WHEREFORE, premises considered, Defendant prays that this Court, upon hearing hereof, enter judgment as follows:

1.     Ordering that Plaintiff take nothing by this action;

2.     Dismissing Plaintiff's Second Amended Complaint and any claim therein in its entirety with prejudice;

3.     Ordering that judgment be entered in Defendant's favor;

4.     Awarding Defendant its attorneys' fees against Plaintiff pursuant to law;

5.     Awarding costs to Defendant; and

6.      Awarding Defendant such other relief, both at law and in equity, to which it may show itself to be justly entitled.

Respectfully submitted this 4th day of October, 2023

**GRAYROBINSON, P.A.**

*/s/ Fabian A. Ruiz*
Fabian A. Ruiz
Florida Bar No. 117928
fabian.ruiz@gray-robinson.com
333 S.E. 2nd Avenue, Suite 3200
Miami, Florida  33131
Telephone: (305) 416-6880
Facsimile:  (305) 416-6887
*Counsel for Defendant*

23

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on this October 4, 2023 I electronically filed the foregoing document with the Clerk of the Court using the Florida e-Filing Portal Electronic Docketing System, which will serve this document on all counsel of record or pro se parties identified on the Service List below:

### <u>SERVICE LIST</u>
William R. Amlong
Jennifer Daley
wramlong@theamlongfirm.com
jdaley@theamlongfirm.com
500 N.E. Fourth St., Suite 101
Fort Lauderdale, Florida 33301
Telephone: (954) 462-1983
Fax: (954) 523-3192
*Counsel for Plaintiff*

**GRAYROBINSON, P.A.**

*/s/ Fabian A. Ruiz*
Counsel for Defendant